## JACOB LEINHART *against* DEWALT FORRINGER.

### IN ERROR.

In an action for money had and received, brought to April term, 1825, to recover the amount paid on an article of agreement for the sale of land, which was entered into between the parties, in the year 1800, where nothing had been done by the defendant until 1824, which would entitle the plaintiff to rescind the contract, the statute of limitations is insufficient to bar the action.

ERROR to the Court of Common Pleas of Butler county.

This case was argued by

*Gilmore* for the plaintiff in error,

*Ayres,* contra.

The facts of the case are fully stated in the opinion of the court, as delivered by

GIBSON, C. J.—In the year 1800, the parties entered into articles, in which it was declared that the plaintiff below had bought of the defendant one hundred acres of land on the head waters of Sugar creek, and that the plaintiff had "the right and title for the said land."   There was no covenant that the defendant would convey : indeed the person who drew the article appears to have been altogether unskilled in the business of a scrivener, or the ordinary import of the most familiar words.  The plaintiff paid the purchase money without going into possession, and took no further step till about the year 1815, when in consequence of having understood that the defendant had conveyed the land to a stranger, he directed one *Gilleland,* to request the defendant to return the purchase money, which the defendant refused to do, but offered to give the

(Jacob Leinhart *v.* Dewalt Forringer.)

land. On this footing the matter was again suffered to rest till 1824, when one *Croll* called on the defendant, (whether on behalf of the plaintiff does not explicitly appear,) and asked him to show the land which the plaintiff had bought of him; on which the defendant said "he had no land, and that he did not know, nor had ever seen *Leinhart*," (the plaintiff.) *Croll* then desired "to know for certain about the land;" and the defendant "still declared that he did not know *Leinhart*." *Croll* then asked "if he would know any thing supposing he would see the article and receipt;" to which *Forringer* said, "he did not want to see the article, and still declared he did not know the man," but said "that if this deponent (*Croll*,) wanted to buy land, he had one hundred acres on Little Sugar creek that he would sell." This is an exact statement of the whole case, the material parts of which are in the very words of the parties or witnesses; and we are to bear in mind, that the only question raised on the record, is whether this action to recover back the purchase money which was brought to April term, 1825, is barred by the statute of limitations.

The statute never begins to run before the right of action has accrued; which in a case like the present, is when the defendant has put it in the power of the plaintiff to rescind the contract. While it remains in force, the vendee cannot allege that the purchase money was paid to his own use; when, by the terms of the contract, it was paid to the use of the vendor. When did the conduct of the defendant first authorise the plaintiff to dispense with the contract here? For fifteen years both parties were content to let the matter stand on its original footing; but the plaintiff having called then for a return of the purchase money, the defendant, as he had a right to do, (having done nothing amiss,) insisted on holding him to the bargain, and in this state matters remained till 1824, previous to which, the remedy of the plaintiff, if he had any, was an action of covenant in affirmance of the contract, against which the statue would not have run. It is clear then, that as no implied assumpsit arose till within a few months before the commencement of the present suit, a right of action for this cause did not previously accrue within the intent and meaning of the statute. It is no objection, that the cause of action in substance accrued immediately after the execution of the articles, and that there is no essential difference between this action on an ideal promise, and an action on the covenant, the object of both being damages for a breach of the contract. Be it so; but why therefore is this action to be put on a footing more unfavourable than that of an action of covenant against which the statute does not run? The matter is determinable by the form of the action; and there is nothing to give rise to an implied assumpsit before the contract was renounced by the defendant in 1824. Previous to that, there was no fraud in the concoction of the agreement, or act done which would have entitled either

(Jacob Leinhart *v.* Dewalt Forringer.)

party to rescind. It was not shown that the defendant had conveyed to a stranger, or, if it had been so, that the plaintiff was apprised of the fact six years before the commencement of his action; without which the cause of action could not have accrued at a period sufficiently early to bar him; which is the only point submitted to us. Whether the defence ought to have been sustained on grounds independent of the statute, is not the question. That matter passed without exception at the trial, and is consequently not before us here. But even on the merits, I would hold that the plaintiff ought to recover. Both parties have shown such backwardness as would preclude either, but especially the defendant, from calling for a specific execution; and although a chancellor will sometimes refuse to execute a contract, for reasons that would be insufficient to rescind it, but leave the party to his remedy at law, yet here, in the absence of a covenant to convey, I can discern no remedy on the contract, by which the plaintiff could recover back the purchase money in the shape of damages or otherwise. It surely will not be insisted, that the defendant ought to be suffered to keep the money and the land too; but that consequence would be inevitable, did not his denial of the bargain *ipso facto* entitle the plaintiff to an action in disaffirmance of the contract. It seems to me there was enough in the circumstances of the case to enable the jury to infer, that *Croll* acted for the plaintiff when the defendant denied the bargain; and unquestionably the plaintiff might renounce the contract after it had been repudiated by the defendant. But that matter was settled without exception at the trial; and here the point raised is the supposed effect of the statute of limitations, which a majority of the court deem insufficient to bar the action.

Judgment affirmed.